IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:18CR765 |
| | ) | |
| *Plaintiff*, | ) | Judge:  JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANT'S** |
| | ) | **SENTENCING** |
| WILLIAM E. CALLAM, | ) | **MEMORANDUM** |
| | ) | |
| *Defendant*. | ) | |

Now comes the Defendant, WILLIAM E. CALLAM, by and through the undersigned counsel, and respectfully moves this Honorable Court to consider, as part of his allocution, the following Sentencing Memorandum prior to passing final judgment upon him.

Respectfully submitted:

 /s/ Matthew O. Williams_____
**MATTHEW O. WILLIAMS, ESQ. (0090709**)
**DEAN M. VALORE, ESQ. (0071941)**
**MICHAEL J. GORDILLO, ESQ. (0073001)**

Valore & Gordillo LLP
21055 Lorain Road
Cleveland, OH 44126
Phone: (440) 333-7330
Fax: (440) 333-7576
mwilliams@valoregordillo.com

**SENTENCING MEMORANDUM**

I.      STATEMENT OF THE CASE

On January 10, 2019, the defendant, William E. Callam, plead to a five-count information alleging violations of 18 U.S.C. 1343 (Wire Fraud) and 18 U.S.C. 1341 (Mail Fraud). The charges stemmed from the defendant's personal use of funds obtained under the guise of a real estate venture and false statements and assurances made by the defendant regarding the nature and security of the venture. The defendant used the United States Mail and a wire transfer in the commission of the offenses. The total amount of the loss to the victims exceeded five hundred thousand dollars. The defendant plead guilty, accepted responsibility for his actions, and expressed relief the whole thing had finally come to an end.

II.      GUIDELINES CALCULATION

A Pre-Sentence Investigation Report was conducted, and a draft report delivered to defense counsel. Counsel raised a single objection not related to the guideline calculation. Pursuant to U.S.S.G. 2B1.1(a)(1), the base offense level is 7. Pursuant to U.S.S.G. 2B1.1(b)(1)(H), 14 levels are to be added due to the amount of the victims' loss. Pursuant to U.S.S.G. 2B1.1(b)(2)(A)(iii), 2 levels are added because the defendant's conduct resulted in substantial economic hardship. The total level, prior to acceptance of responsibility, is 25. Three levels should then be subtracted because the defendant has accepted responsibility for the offense conduct. The applicable offense level is thus 22. The appropriate Criminal History Category is Criminal History Category IV. With the corresponding offense level of 22, the Guidelines range is 63 to 78 months.

### III.     3553(a) FACTORS

Pursuant to 18 U.S.C. 3553, considering the nature and circumstances of the offense(s), the history and characteristics of the defendant, and the applicable Guidelines range, the Court should impose a sentence sufficient, but not greater than necessary to achieve the goals and aims of sentencing set forth in that section.

In this case, a sentence at the lower end of the Guidelines range is appropriate. The defendant's conduct was serious and caused real and continuing harm. The defendant's history includes several similar offenses. But the Guidelines take this into account. The lower end of the range is a sentence which exceeds five years in prison. Such a sentence reflects the seriousness of the offense and will serves both the aims of general and specific deterrence by sending the message that the defendant's deceptive practices are intolerable.

In passing sentence, the Court should consider that the defendant suffered from issues with addiction. Some of the proceeds of his offense were used to feed gambling and prescription pain medication addictions which the defendant has acknowledged. The Court should note that the defendant has taken steps to reorder his life and no longer abuses medications. The Court should also consider that the defendant is not a young man. A 63-month sentence represents a significant portion of the defendant's life. The Court should also consider the impact going to prison will have on the defendant's business and family. The defendant runs a bar and grille, which will likely fold in his absence leaving his employees without a paycheck. The defendant is also an integral part of his wife's business, which will also suffer. Additionally, the Court should consider that the victims of these offenses are owed a substantial amount in restitution, towards which the defendant can make few repayments from a prison cell.

Finally, the Court should consider that the defendant's conduct in the instant matter does not represent the worst form of the offense. The levels added for the victims' loss are added to any offense causing a loss exceeding five hundred thousand dollars but less than one million five hundred thousand dollars. The loss in the instant matter is at the lower end of this range. No coercion or violence was employed by the defendant and though his criminal history category is IV, the defendant's history includes no offenses of violence or offense with similarly large loss amounts attached. Rather than pure greed, the offense conduct was employed to feed addictions, which the defendant owns and acknowledges. The defendant has accepted responsibility for his actions. Thus, the defendant is not among the most egregious of similarly situated individuals but among the least.

The defendant agrees that a sentence within the Guidelines range is appropriate and asks the Court, in light of his acceptance of responsibility, his issues with addiction, and the impacts of a prison sentence on others, to impose a sentence at the lower end of that range.

### IV. CONCLUSION

The purposes of sentencing as outlined by statute are best served in this matter by the imposition of a sentence of 63 months. The defendant respectfully requests the Court impose such a sentence, recommend the defendant serve that sentence at the Morgantown facility in West Virginia, and allow the defendant a report date.

Respectfully submitted:

 /s/ Matthew O. Williams
**MATTHEW O. WILLIAMS, ESQ. (0090709)**
**DEAN M. VALORE, ESQ. (0071941)**
**MICHAEL J. GORDILLO, ESQ. (0073001)**

>Valore & Gordillo LLP
>21055 Lorain Road
>Cleveland, OH 44126
>Phone: (440) 333-7330
>Fax: (440) 333-7576
>mwilliams@valoregordillo.com

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing document was filed through the Court's electronic filing system. Notice of this filing will be sent to all parties by operation nof that system. All parties may access this filing through that system.

>Respectfully submitted:
>
>  /s/ Matthew O. Williams_____
>**MATTHEW O. WILLIAMS, ESQ. (0090709)**
>**DEAN M. VALORE, ESQ. (0071941)**
>**MICHAEL J. GORDILLO, ESQ. (0073001)**
>
>Valore & Gordillo LLP
>21055 Lorain Road
>Cleveland, OH 44126
>Phone: (440) 333-7330
>Fax: (440) 333-7576
>mwilliams@valoregordillo.com