**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.: 5:18 CR 765 |
| *Plaintiff,* | ) | |
| *vs.* | ) | JUDGE JAMES S. GWIN |
| | ) | |
| WILLIAM E. CALLAM, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF SUBMISSION OF EVIDENCE RELATING TO APPLYING FOR HOME CONFINEMENT**

Now comes Defendant, William Callam ("Callam"), by and through the undersigned counsel, and hereby provides notice of his submission of evidence relating to applying for home confinement pursuant to the Court's April 20, 2020 Order.

As previously stated in his Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Emergency Motion") and his Motion for Extension of Time to Provide Evidence Relating to Submitting an Application for Home Confinement filed April 30, 2020 ("Motion for Extension of Time), Callam submitted multiple requests to officials at FCI Loretto in April 2020. However, because FCI Loretto is currently restricting inmates printing privileges, Callam is unable to provide hard copies of his requests and FCI Loretto's responses. Callam was, however, able to mail to his counsel an already printed letter, dated April 13, 2020, from the warden of FCI Loretto, Vicky Moser (the "Warden"), approving his request for home confinement (the "Approval Letter"). A true and accurate copy of the Approval Letter is attached hereto as **Exhibit A**. As discussed more fully below, this approval was reversed by BOP.

Additionally, due to the printing restrictions, Callam hereby submits the following timeline of his requests for home confinement based upon his own notes and recollection:

- April 1, 2020 – Callam submitted a request for home confinement the FCI Loretto's Home Confinement Manager, Heather Sposato ("Sposato") citing Attorney General William Barr's March 26, 2020 Memorandum (the "Memorandum") as grounds to release him to home confinement.[1]

- April 3, 2020 – Sposato sent an electronic denial to Callam on the grounds that he was not eligible for home confinement because he is 62 years old and not eligible for home confinement (which is inaccurate as being 65 is only one factor set forth in the Memorandum and not mandatory to be released to home confinement).

- April 5, 2020 – Callam submitted an appeal to Sposato and requested that she review the Memorandum which does not mandate an inmate be 65 years old to be eligible for home confinement.

- April 6, 2020 – Sposato sent an electronic denial to Callam stating that his "concern about being exposed does not currently warrant an early release."

- April 6, 2020 – Callam submitted a request for home confinement to his case manager, Herbert Gottshall ("Gottshall").

- April 6, 2020 – Callam provided Sposato additional information in support of his prior requests for home confinement including, but not limited to, information relating to his prescription and use of a corticosteroid with compromises his immune system, placing him at-risk of serious injury or death if infected by COVID-19 per guidelines issued by the Center of Disease Control ("CDC") and the Memorandum.

- April 7, 2020 - Gottshall sent Callam an identical denial response as the Sposato response on April 6, 2020, that his "concern about being exposed does not currently warrant an early release."

- April 7, 2020 – Sposato sent Callam an identical denial response as her response on April 6, 2020, that his "concern about being exposed does not currently warrant an early release."

- April 9, 2020 – after the multiple denials discussed above, Callam filed his Emergency Motion.

- April 13, 2020 – Callam submitted a request for home confinement to the Warden.

[1] The Memorandum authorizes the Bureau of Prisons ("BOP") to transfer at-risk, non-violent inmates (such as Callam) from BOP facilities to home confinement when doing so would be safer for the inmates than completing their sentences in prison during the COVID-19 pandemic.

- April 15, 2020 – Callam received the Approval Letter from the Warden. In the Approval Letter, the Warden stated that "Reentry Services Division (RSD) will review the request and determine the placement date and location … Accordingly, your request for participation in the Elderly Offender Program is approved".

- April 16, 2020 – Gottshall verbally informed Callam that his request for home confinement was approved and that he is set to be released to home confinement on April 30, 2020.

- April 17, 2020 – FCI Loretto's physician assistant, Ms. Hoover, informed Callam that she was prescribing a three-month supply of his corticosteroid to use when he is released to home confinement. Ms. Hoover recommended that Callam continue his use of the corticosteroid and then consulting with his physician at the end of August 2020.

- April 19, 2020 – Callam sent a request to FCI Loretto's Trust Department for all electronic requests (and denials) be printed out.

- April 20, 2020, FCI Loretto's Trust Department denied Callam's request stating that BP-199 forms (request to send a check) were the only document that were authorized for printing.

- April 28, 2020, Gottshall informed Callam that his approval for home confinement was overturned by BOP's Central Office because he had not served 50% of his sentence. Gottshall denied Callan's request for a written copy of the denial.

The Approval Letter, which is dated *one day prior* to the email dated April 14, 2020 (Doc #: 21-1), from officials at FCI Loretto to Plaintiff stating it found no records of his requests, clearly demonstrates that Callam requested home confinement (and was, at least temporarily, approved for home confinement). Callam was immensely relieved to learn on April 15, 2020, that he was approved for home confinement and would be leaving FCI Loretto where he is at serious risk of contracting COVID-19 and becoming seriously ill. It was devastating for Callam to learn approximately thirteen days later that BOP had reversed its approval of his home confinement.

Unfortunately, BOP's mishandling of inmates' requests and approvals for home confinement is not limited to Callam. According to an ABC News article, dated April 24, 2020,

BOP has informed over 200 inmates that they were approved for home confinement and then later reversed the approvals based on new guidance from the Department of Justice ("DOJ").[2]

Counsel has been able to locate a case of almost identical facts. Fortunately for that inmate, the Government righted its wrong and released the inmate to home confinement, but only after the court's intervention. In *United States v. Stahl*, Case No: 1:18-cr-00694-RA, United States District Court, Southern District of New York, Lewis Stahl was a few months into a 21-month prison term for tax-related charges. In early April 2020, Stahl received approval for home confinement. Soon after receiving approval, the government reversed its position and informed the court there was new DOJ guidance that made Stahl ineligible for home confinement. On April 21, 2020, the court issued an order directing the Government to (a) provide an explanation of the reversal after approving home confinement for Stahl and (b) file a copy of the new DOJ guidance or, if it still does not have a copy of the new DOJ guidance by 5:00 p.m. on April 22nd, provide the court with additional details about the guidance including when it went into effect and who it applies to, as well as when it will be submitted to the court." On April 23, 2020, the Government and the warden of FCI Miami, informed the court that Mr. Stahl would be transferred to home confinement on April 24, 2020. Accordingly, on April 28, 2020, the court terminated the pending motion given that Mr. Stahl was granted release to home confinement.

Unlike Stahl, as of the date of this filing, BOP has not reversed its decision and granted Callam home confinement. Thus, Callam is forced to proceed with his Emergency Motion to seek home confinement in an effort to avoid death or serious injury in the likely event that COVID-19 infiltrates FCI Loretto like it has many other prisons across the nation. In fact, since Callam filed

---

[2] Luke Barr and Alexander Mallin, "DOJ clarifies federal inmate release guidance after confusion plagues process," *ABC News*, April 24, 2020, 4:02 a.mm. *See* https://abcnews.go.com/US/doj-clarifies-federal-inmate-release-guidance-confusion-plagues/story?id=70318981.

his Emergency Motion approximately three weeks ago, the number of confirmed COVID-19 cases has exponentially increased from 196 inmates to 1,842 inmates and from 63 staff to 343 staff.[3] Not surprisingly, the number of inmate deaths has increased from eight deaths to 36 deaths. Time is of the essence and every day that passes places Callam at further risk of serious injury or death. For these reasons, the Court should immediately grant his Emergency Motion for Reduction in Sentence Pursuant to 18. U.S.C. § 3582(c)(1)(A)(i) and place him on home confinement.

Respectfully submitted,

*/s/ Matthew O. Williams*

MATTHEW O. WILLIAMS (0090709)
DEAN M. VALORE

Valore & Gordillo, LLP
21055 Lorain Road
Fairview Park, OH 44126
(440) 333-7330
(440) 333-7576
mwilliams@valoregordillo.com

[3] As of April 30, 2020. *See* https://www.bop.gov/coronavirus/.

**CERTIFICATE OF CONFERENCE**

A true and accurate copy of the foregoing was served via the Court's electronic filing system this 4th Day of May, 2020, on the following:

Justin E. Herdman, United States Attorney
Megan R. Miller, Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
216-622-3855
216-522-8355
Megan.M.Miller@usdoj.gov

Respectfully submitted,

*/s/ Matthew O. Williams*
MATTHEW O. WILLIAMS (0090709)
DEAN M. VALORE

Valore & Gordillo, LLP
21055 Lorain Road
Fairview Park, OH 44126
(440) 333-7330
(440) 333-7576
mwilliams@valoregordillo.com