UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:18-cr-00765 |
| Plaintiff, | OPINION & ORDER |
| vs. | [Resolving Doc. 25] |
| WILLIAM E. CALLAM, | |
| Defendant. | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant William Callam requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes Callam's petition.[2]

For the reasons stated below, the Court **DENIES** Callam's motion for compassionate release.

I.   Background

On January 1, 2019, Defendant Callam pleaded guilty to one count of wire fraud and four counts of mail fraud arising out of a fraudulent investment scheme.[3]  On May 28, 2019, this Court sentenced Callam to 78-months imprisonment followed by five years of supervised release.[4]

On July 22, 2020, Callam filed the instant motion for compassionate release.[5]

---

[1] Doc. 25.  Callam also filed a second amended motion and a reply.  Docs. 27 and 28.  The Court previously denied a compassionate release petition from Callam without prejudice to refile if Callam showed evidence of COVID-19 at FCI Loretto and medical evidence.  Doc. 24.
[2] Doc. 26.  The Government also filed a response to Callam's second amended motion.  Doc. 29.
[3] Doc. 4.
[4] Doc. 18.
[5] Doc. 25.

Case No. 5:18-cr-00765
Gwin, J.

For the following reasons, the Court **DENIES** Callam's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6]

Callam says that he petitioned the Warden for home confinement in April 2020.[7] He says that in an April 13, 2020 letter the Warden granted his home confinement request, but BOP's Central Officer overturned that decision on April 28, 2020.[8]

The Government says that Callam "conflates a request for compassionate release with a request for home detention" and that it has no record of receiving any compassionate release requests from Callam.[9]

In response, Callam attaches a copy of an April 6, 2020 request for home confinement.[10] He says that while he did not specifically use the term "compassionate release" in his request, BOP treated it as such because the corresponding April 7, 2020 BOP denial states that Callam's "RIS request is denied."[11] Callam says that "RIS request" stands for Reduction in Sentence, which BOP website and policies use interchangeably with compassionate release.[12]

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Doc. 25 at 8.
[8] *Id.*
[9] Doc. 26 at 3-4.
[10] Doc. 28-1.
[11] *Id.*
[12] Doc. 28 at 1-2.

-2-

Case No. 5:18-cr-00765
Gwin, J.

Callam has likely not satisfied the exhaustion requirement, because, as he admits, he has never specifically requested compassionate release. However, because the Court declines to grant compassionate release for the reasons stated below, the Court need not decide whether Callam has done so.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[13] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[14] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[15]

Callam argues that he has a compromised immune system due to his continued use of a corticosteroid to treat chronic sinusitis since August 2109.[16] He says that he risks serious medical consequences, including death, if he contracts COVID-19.[17] Callam attaches medical records which confirm his corticosteroid use.[18] In his second amended request, Callam says that he has contracted COVID-19 and that BOP cannot provide Callam with adequate medical care.[19]

Callam's conditions, in conjunction with the presence of COVID-19 at FCI Loretto,

---

[13] 18 U.S.C. § 3582(c)(1)(A).
[14] *Id.*
[15] *Id.*
[16] Doc. 25 at 2-3, 8-10.
[17] *Id.* at 10.
[18] Doc. 25-1.
[19] Doc. 26.

Case No. 5:18-cr-00765
Gwin, J.

might be extraordinary and compelling reasons that justify the grant of compassionate release.[20] However, when considering a change in sentence under the compassionate release statute, the Court must also consider the 18 U.S.C. § 3553(a) sentencing factors.[21] Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for just punishment.[22]

In this case, the Court finds that the § 3553(a) factors weigh in favor of denying Callam's petition. While Callam is currently incarcerated for a non-violent offense, his criminal history reflects a pattern of defrauding investors who trusted him to be their financial advisor.[23] And the factual background of the instant offense is particularly troubling—Callam exploited the trust of elderly individuals who liquidated all of their retirement assets to invest in Callam's fraudulent entities and subsequently lost their retirement savings as a result.[24] Callam's elderly victims suffered extreme stress and struggled to pay medical bills while Callam used their "investments" to enrich himself and his family members.[25]

---

[20] Callam's compassionate release motion would implicate the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

[21] 18 U.S.C. § 3582(c)(1)(A).
[22] 18 U.S.C. § 3553(a).
[23] Doc. 12.
[24] *Id.*
[25] *Id.*

Case No. 5:18-cr-00765
Gwin, J.

Callam admits he has served only approximately 11 months of his 78-month sentence.[26] The Court finds that releasing Callam at this juncture would not serve the need to reflect the seriousness of the offense or provide just punishment. The Court also considers the need "to protect the public from further crimes of the defendant" as Callam has a history of convictions for defrauding investors.[27]

The Court therefore denies Callam's request for release.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Callam's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


IT IS SO ORDERED.


Dated: August 14, 2020          *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[26] Doc. 25 at 3.
[27] 18 U.S.C. § 3553(a).